## McBRIDE, SHELDON & Co. *vs.* THE PROTECTION INS. Co.

In a process of foreign attachment, the defendants in the principal writ, were described as " Henry B. Anderson and Harvey Nickerson, partners under the name of H. B. Anderson & Co. ;" and the garnishees were alleged to be the agents, factors, trustees and debtors of such defendants. After the service and return of the original writ, it was so amended, that the defendants were described as Harvey B. Anderson, Loyal C. Anderson and Hobart Nickerson, partners under the firm of H. B. Anderson & Co. The factorizing clause remained unchanged, and judgment was rendered therein for the plaintiffs. In a *scire facias* in said process, the defendants therein were alleged to be the debtors of the defendants, in the principal suit. It appeared, however, that the latter were, in fact, indebted to the said Harvey B. and Hobart, jointly, but were not indebted to the said Loyal C., either solely or jointly, with said other defendants, and that he was never a partner in said firm. Held, in such case, 1. that the original suit, so far as the garnishees were concerned, was a proceeding *in rem* only, against the debt due to the defendants, in such suit, at the time the copy of the writ was left with such garnishees in service, and that without the amendment, said Loyal C. would not be a party to the original suit, and such judgment would furnish no evidence of any indebtedness from the defendants to him, either alone or jointly with said Harvey B. and Hobart. 2. That the description of the defendants, in the *scire facias,* as the debtors of the defendants, in the principal suit, implied, that the former were the debtors of all those defendants jointly, and not of each, or a part of them. 3. That, whatever might be the effect of the amendment of the original writ, upon the defendants therein, no indebtedness was attached, or secured to respond to the judgment obtained thereon, except such as might be due from the present defendants, to all the principal defendants ; and as there existed only an indebtedness to Harvey B. and Hobart, two of said defendants, the plaintiffs had failed to prove a material allegation in their *scire facias,* and consequently could not recover.

Whether the principal suit should be regarded as an action against a copartnership, by the company name, under our statute, authorizing amendments in such actions. *Qu. ?*

Where it appeared, that, at the time of the purchase of the goods, which constituted the consideration of the claim, upon which the principal suit was founded, the said Harvey B. represented to the plaintiffs, that the firm of H. B. Anderson & Co. consisted of himself, the said Loyal C. and Hobart, but neither said Loyal C. nor Hobart had any knowledge of such representations, and in no way sanctioned the same; it was held, that, although the said Harvey B. was estopped from denying that Loyal C. was

McBride, Sheldon & Co. *v.* The Protection Insurance Co.

a partner in said firm, yet, that neither the said Loyal C., nor Hobart, nor the defendants in said *scire facias*, was estopped from making such denial, nor from showing, that he was not a partner, in relation to the debt sought to be attached, and in no way interested therein.

THIS was a *scire facias*, in a process of foreign attachment, setting forth a judgment, obtained by the plaintiffs, before the superior court for Hartford county, on the fourth Tuesday of January, 1850, against Harvey B. Anderson, Loyal C. Anderson and Hobart Nickerson, all of Coral, in the state of Illinois, partners in company, under the name and firm of H. B. Anderson &' Co.

The cause was tried at Hartford, January term, 1853, when the court found the facts, of which the following are those which are material.

The original suit, referred to in the *scire facias*, was instituted, by writ, bearing date the 8th day of January, 1850, purporting to be against Henry B. Anderson and Harvey Nickerson, of Coral, in the state of Illinois, described therein as partners in company, under the firm of H. B. Anderson & Co., and served, by leaving a copy thereof with the secretary of the defendants, and was on the same day duly returned.

Neither of the defendants was ever a resident in this state, nor was any service made upon either, in person, nor did any, or either of them, or the garnishees, appear in said original suit, at the January term of the court, 1850, to which said writ was made returnable.

At said term, the plaintiffs, by leave of the court, caused said writ to be amended, by changing the name of Henry B. Anderson, to that of Harvey B. Anderson, and that of Harvey Nickerson to that of Hobart Nickerson, and adding the name of Loyal C. Anderson, so that, when it was so amended, it purported to be a writ, against Harvey B. Anderson, Loyal C. Anderson and Hobart Nickerson, partners in company, under the firm of H. B. Anderson & Co.

The court commenced its session, on the 22d day of Jan-

McBride, Sheldon & Co. *v.* The Protection Insurance Co.

uary, 1850, and said amendment was made, upon motion, between said 22d day of January and the 2d day of February, 1850 ; and upon said 2d day of February, a notice was issued by said court, and served, and no otherwise served than, as shown by the officer's return. Said action was continued to the term of said court, holden in September, 1850, when the names of Hungerford & Cone, who were the general attorneys for the Protection Insurance Company and who in behalf of said company, intended to appear for said insurance company alone, were, by their direction, entered in the docket of said court, by the clerk, without designating whether said appearance was for the said defendants, or for the garnishees therein. Said Hungerford & Cone had no authority to appear in behalf of said defendants, and did not intend so to appear. Subsequently, during said term, said attorneys caused their appearance to be erased from the docket of said court ; which was known to the attorney of the plaintiffs, and said garnishees were, with the consent of said Hungerford & Cone, defaulted. The attorney of the plaintiffs, until such withdrawal, supposed said appearance of Hungerford & Cone was for said defendants, as well as for said insurance company. And at the same time, and before said Hungerford & Cone had so withdrawn their appearance, an order was made by said court, that the defendants should plead by the third Monday of November then next, and said cause was continued to the January term of said court, 1851, at which last-mentioned term, judgment was entered by default, against Harvey B. Anderson, Loyal C. Anderson, and Hobart Nickerson, for the sum of $893.83, damages, and for the sum of $16.77, costs of suit.

The plaintiffs having filed the bond required by statute, execution was issued, upon said judgment, bearing date the 29th day of January, 1851, and served upon the defendants.

The Protection Insurance Company, by a policy of insurance, bearing date the 16th day of November, 1849, insured H. B. Anderson & Co., against loss by fire, to the

amount of $2,000, on buildings and personal property, situated in the town of Coral, McHenry county, Illinois, and there was no evidence whether said insurance company did, or did not know who constituted the members of said firm, at the time said policy was issued.  The real estate covered by said insurance, was owned by the said Harvey B. Anderson and Hobart Nickerson alone, and said personal property was owned by said Harvey B. and Hobart alone, and no other persons were, in any way, interested therein.  About the 10th day of December, 1849, the property so insured, was destroyed by fire, and said Protection Insurance Company became liable for the amount by them insured thereon, which was the same claim sought to be recovered in the present suit.

The said Harvey B. Anderson and Hobart Nickerson, partners under the firm of H. B. Anderson & Co., on the 11th day of January, 1850, made an assignment, among other things, of their claim against said Protection Insurance Company, for the benefit of their creditors, which assignment was valid.  Said insurance company, on the 4th day of June, 1850, paid over the amount of said claim, to the assignees, and took from them a bond of indemnity. Said Loyal C. was never a partner with Harvey B. and Hobart, and never, in any wise, interested in the property, either real or personal, covered by said insurance, and there was no evidence, that said Loyal C. had or had not any knowledge whatever of the proceedings, or any of the proceedings in said original suit.  Said Harvey B. and Hobart became partners, under the firm of H. B. Anderson & Co., prior to June, 1849; said Loyal C. was the father of said Harvey B., and the father-in-law of said Hobart.  Said Harvey B., soon after the formation of said firm, came to the city of New York, where the plaintiffs were carrying on business, as merchants, and applied to them, for the purpose of purchasing goods for said firm.  At the time of said application, the plaintiffs inquired of said Harvey B., who were the partners, composing said firm ? to which he replied, that

it consisted of himself, his father, and Hobart Nickerson, and upon this information, the plaintiffs sold to Harvey B., for the firm of H. B. Anderson & Co., a bill of goods upon credit, being in part, the same goods for the price of which judgment was recovered in the original suit. Said Harvey B., at the time he gave said information, supposed that his father would become and be a partner in said firm, but his father had no knowledge that such information was given. The plaintiffs, when said goods were sold, believed that said firm was constituted as stated by said Harvey B., and would not have sold said goods, had they not believed that said Loyal was a member of said firm ; but said Loyal had no knowledge that such information was given by said Harvey B., and did not authorize the same. Prior to said application to the plaintiffs, for said purchase, there had been conversation, between said Harvey and said Loyal, respecting said Loyal becoming a partner with said Harvey and said Nickerson, in trade, and said Harvey, at the time of said conversation, believed that said Loyal would afterward become a partner with them, in their business of merchandising ; but the court did not find, that said belief of said Harvey was founded on any encouragement or assurance to that effect, which had been given by said Loyal, to him or to said Nickerson. In August, 1849, the firm of H. B. Anderson & Co. ordered, by letter, a small additional bill of goods, of the plaintiffs, who furnished them, and said firm of H. B. Anderson & Co. made one or more payments to the plaintiffs therefor ; the plaintiffs still supposing said Loyal to be a member of said firm, and if they had not so supposed, they would not have sold said goods. The prices of the goods, sold in the spring and summer of 1849, constituted the whole amount for which said original judgment was recovered. Said Loyal made no claim to the debt due from said insurance company, and there was no other evidence that the plaintiffs had any other information, at the time of making said sales, as to who constituted said firm. About the 8th

of January, 1850, the plaintiffs forwarded to their attorney, at Hartford, Connecticut, said claim for collection, and furnished to him the names of Henry B. Anderson and Harvey Nickerson, as the persons composing said firm, and gave no intimation whatever, that Loyal C. Anderson was, or was ever regarded by them, as a member of said firm.

By reason of the loss, sustained by said fire, the firm of H. B. Anderson & Co., consisting of said H. B. Anderson and said Nickerson, became insolvent and unable to pay their just debts, and the amount of the policies, assigned for the benefit of their creditors, after deducting the expenses incident to the collection, was insufficient to satisfy the claims for the security of which the assignment was made. Upon these facts, the question was reserved for the advice of this court, as to what judgment should be rendered in the suit.

*T. C. Perkins*, for the plaintiffs, contended, 1. That the amendment was good, by statute (ed. 1849, 62, 71,) which should ·be construed liberally. *Phelps Manf. Co.* v. *Enz*, 19 Conn. R., 62. The lien of the plaintiffs is not impaired by the amendment. To retain a lien, was the object of granting power to amend.

2. That the parties are estopped from denying that Harvey B. Anderson was a member of the firm of H. B. Anderson & Co. *Middletown Bank* v. *Jerome*, 18 Conn. R., 450.

3. That the insurance company have a bond of indemnity, from the plaintiffs, and can not be bound by a judgment against them. H. B. Anderson can never make claim on them. The appearance of counsel sanctioned the proceedings of the plaintiffs, in procuring the allowance of the amendment.

· 4. That the assignment of the claim upon the defendants, and the attendant circumstances, did not impair the right of the plaintiffs to amend, which right they never relinquished.

*Hungerford & Cone*, for the defendants, contended, 1.

That the debt due from the insurance company, if ever attached, was so attached, at the time the copy was left in service. *Fitch* v. *Waite*, 5 Conn. R., 117.

The two defendants in the original writ were, at first, described, as Henry B. Anderson and Harvey Nickerson, partners in company, under the firm of H. B. Anderson & Co., which, as against Harvey B. Anderson and Hobart Nickerson, was a nullity, and could not justify an attachment of the property of either. *Aquila Cole* v. *Hindson, &c.*, 6 *T. R.*, 234. *Scandover* v. *Warne*, 2 Camp., 270. *Wilkes* v. *Louk*, 2 Taun., 400. *Delanoy* v. *Cannon*, 10 East, 328. *The King* v. *Sheriff of Surrey*, 4 E. C. L., 331. *Morgan* v. *Bridges*, 1 B. & A., 647. *Griswold* v. *Sedgwick*, 6 Cowen, 456. *Mead* v. *Haws*, 7 *id*., 332.

2. Admitting that the original process might be amended, as to the names of the defendants, it could not be, by the introduction of an additional defendant or change of parties. It could not be, either at the common law or by virtue of the provisions of the 51st and 78th sections of the statute relating to "civil actions." Stat. 1849, pp. 62, 71. *Peck* v. *Sill*, 3 Conn. R., 157. This action was not instituted against the copartnership, by the copartnership name, within the meaning of the above mentioned sections of the statute, relating to civil actions, because, 1. The writ purports to be against the two individuals named, who are described, as composing the firm, and all the firm. 2. A suit in the copartnership name, within the provisions of these sections, must be such as to embrace collectively, under that name, all the individuals composing the firm.

3. In the writ, as it originally was, Henry B. Anderson and Harvey Nickerson, as individuals, were the defendants. The property of no one else could be attached, by the process, and the words, "partners in company, under the name and firm of H. B. Anderson & Co.," are merely descriptive. The original writ, as amended, describes the defendants in the *scire facias*, as "the attorneys, agents, trustees, factors,

and debtors" of the defendants, in the original suit ; whereas the court has expressly found, that they were the debtors of Harvey B. Anderson and Hobart Nickerson only. *Boardman et al.* v. *Stewart,* 1 Root, 473. *Todd* v. *Potter,* 1 Day, 238. *Treadway* v. *Andrews,* 20 Conn. R., 384. *Upham* v. *Naylor,* 9 Mass. R., 490.

STORRS, J. In the writ in the original action of *assumpsit,* brought by these plaintiffs, which is referred to in the declaration, in this case, the defendants were described to be " Henry B. Anderson and Harvey Nickerson, of Coral, in the state of Illinois, partners in company, under the name and firm of H. B. Anderson & Co. ; " and the defendants, in the present suit, are alleged, in the factorizing clause, to be " the attorneys, agents, factors, trustees and debtors of the said defendants" in that action. That writ was, after the return thereof, amended by the plaintiffs, by permission of the court to which it was returnable, by changing the name of Henry B. Anderson to that of Harvey B. Anderson, and that of Harvey Nickerson to that of Hobart Nickerson, and adding, as defendant, the name of Loyal C. Anderson ; so that, as thus amended, the defendants were therein described to be " Harvey B. Anderson, Loyal C. Anderson and Hobart Nickerson, of Coral, in the state of Illinois, partners in company, under the name and firm of H. B. Anderson & Co." The factorizing clause remained unaltered, after said amendments, so that it purported that the defendants in the present case were the attorneys, agents, factors, trustees and debtors of the defendants in that writ, as thus amended, viz. : Harvey B. Anderson, Hobart Nickerson and Loyal C. Anderson, against whom judgment, by default, was rendered in that action. There was never any debt or claim, due from the defendants in the present suit, to the said Loyal C. Anderson, either solely or jointly with the said Harvey B. Anderson and Hobart Nickerson, or either of them ; and the said Loyal never was a member of the firm of H. B. Anderson

& Co., which was composed of the said Harvey and Hobart only.

Without considering whether the writ, in that action of *assumpsit*, was amendable, or to what extent, it is very clear, that if it had not been amended, but had remained as it was originally made, with respect to the defendants named therein, the service of it, upon the defendants in this suit, would not have the effect of attaching or sequestering, in their hands, any debt or claim due from them to the said Loyal C. Anderson alone, or to him jointly with Harvey B. Anderson and Hobart Nickerson, because the said Loyal would not be named, or in any way described, as a defendant in that writ, and would not, therefore, be a party to the suit commenced by it, or to any of the subsequent proceedings under it ; and the factorizing clause of that writ would, moreover, be no notice to the defendants in this suit, that any such debt or claim was intended to be secured or attached in their hands, to pay the judgment which the plaintiffs should recover in that action.   It is sufficient, on this point, to refer to the terms of our statute of foreign attachment. Stat.,1849, p. 115.

The plaintiffs however insist, first, that it was competent for the court to which the original suit was brought, under the general statute relating to the amendment of writs, and the practice of our courts, to allow the amendments which were made to the writ in that suit ; and, further, that if those amendments were not allowable under that statute or practice, that suit is to be deemed to have been brought against the copartnership, consisting of the persons whose names appear therein as defendants, after such amendments, by their partnership name, and that under the 51st section of the act for the regulation of civil actions, ( Stat. 1849, p. 62,) those amendments were valid ; and they thereupon claim. that such amendments being made, the same lien was acquired, by virtue of that writ and the proceedings under it, as if it had been originally drawn, so as

McBride, Sheldon & Co. *v.* The Protection Insurance Co.

to be conformable to those amendments ; and therefore, that Loyal C. Anderson is, to all intents, to be deemed a defendant in that suit, since its commencement. The present defendants deny, that, by the practice of our courts, or either of those statutes, those amendments were effectual, as against them, to attach or secure in their hands, any debt or claim due from them, when the copy of that writ was left in service, either to the whole or any part of the defendants, against whom judgment was rendered in that suit, whatever may have been their effect, as between the plaintiffs and any of those persons who were made defendants in that suit, either before or after the making of those amendments.

It need not be decided, in this case, whether the defendants in that suit were personally bound by the judgment rendered therein, although it would seem to be clear, that, as neither of them had any notice of the suit or appeared in it, that judgment would not affect either of them personally. However that may be, that suit, so far as the present defendants are concerned, was a proceeding *in rem* only, under our statute of foreign attachment, against the debt or claim due, when they were served with a copy of the writ in that suit, from them to the defendants in that suit ; and the question now presented to us, is, whether, by virtue of the institution of that original suit, and the proceedings under it, the debt found to be due in this case, by the present defendants, was so attached or secured, that they are liable in this suit, to a recovery by the plaintiffs, for the amount of such debt. In order to decide this question, we do not consider it necessary, and therefore we do not intend, to express any opinion upon the claims of the respective parties, which have been stated, in regard to the propriety, validity, or effect of any of the amendments made to the writ in the original suit ; because we are clearly of opinion, that, whether those amendments were allowable or not, there can be no recovery, by the plaintiffs in this suit.

If, in the first place, those amendments were allowable, and the writ in the original suit is to be viewed as if it had been at first framed in accordance with those amendments, that suit and the proceedings in it would have laid no foundation for such a recovery, for the reason that, by the form and effect of the factorizing clause in that writ, no indebtedness would have been attached or secured, to respond to the judgment to be recovered in that suit, except one which might be due to all the defendants therein, from the present defendants ; whereas it is found in this case, that there was no such indebtedness, but that the indebtedness by the latter, was due to two only of the defendants in the original suit,—viz., Harvey B. Anderson, and Hobart Nickerson. The plaintiffs, therefore, here seek to appropriate to the payment of that judgment a debt which was not attached in that suit, and to which they never acquired any lien. Even if it had been competent for them to have attached, in that suit, a debt due to two only of the defendants therein, by the present defendants, (upon which we express no opinion,) they have not done so, in this instance. The present defendants are described in the factorizing process, as the debtors of the defendants in that suit; which imports, that they were the debtors of all of those defendants jointly, and not of each or a part of them only. We think that its effect was only to notify the garnishees, the present defendants, that the debt which they might then owe to the defendants in that suit, jointly, was intended to be secured, and to secure only a debt of that description. It is plain, that a debt due to two persons by a third, is entirely different from, and therefore not properly described as, a debt due by the latter to those two, jointly with another. An averment of an indebtedness by one person, is, in some cases, held to be supported, by evidence of an indebtedness by him jointly with another ; because, debts due by several persons jointly, are deemed to be several as well as joint. Whether that principle would be held to apply to the allegation of an

indebtedness in a factorizing process, need not be here considered; because it is obviously inapplicable to a case of indebtedness to two persons only, where it is alleged to be an indebtedness to them jointly with another.   On this ground also, there is a failure by the plaintiffs, to prove the material allegation, in this writ of *scire facias,* that the present defendants were indebted to the defendants in the original suit, which is necessary to a recovery.

The plaintiffs however insist, that the defendants in this case are estopped to deny, that they were indebted to all the defendants in the original suit, by the representations that Loyal C. Anderson was a partner with the other two of them, made by Harvey B. Anderson, one of those defendants, to the plaintiffs, when the goods were sold, for the price of which the judgment was recovered in that suit.   We see no just ground for this claim.   It is found, that neither the said Loyal, nor Hobart Nickerson, the other of those defendants, was cognizant of those representations, or ever authorized or sanctioned them.   Those representations constitute an estoppel *in pais,* only for their own proper purpose, which is to preclude the person who made them, and those claiming under him, as between them and the person deceived by such representations, from denying their truth, in a case involving the character or merits of the transaction in the course of which they were made; but not to affect other persons not privy to those representations.   Therefore, in the action which was brought by the plaintiffs, for the price of the goods, it would not have been competent for Harvey B. Anderson, the defendant therein, who induced the sale by those false representations, to deny their truth, and claim that Loyal C. Anderson was not a partner with him and his co-defendant, Hobart Nickerson, in the purchase; but neither the said Loyal nor the said Hobart would be estopped to make such denial.  But, considering, for the purposes of the present suit, as the plaintiffs claim, that the original judgment should be viewed, as having been

properly and regularly rendered against all the defendants in that action, in which light alone, the present suit can be sustained, the question now before us is, not whether those defendants were indebted to the plaintiffs, but whether the defendants in the present suit are estopped, by the representations which have been mentioned, from denying, that they are indebted to the defendants in the original suit. In our opinion, they clearly are not so estopped. The indebtedness of the present defendants, on which it is attempted to subject them in this suit, is founded on the contract contained in the policy of insurance, by them executed and delivered only to Harvey B. Anderson and Hobart Nickerson, the sole owners of the property insured. That contract of insurance was a transaction subsequent to and wholly distinct from, the original purchase of the goods, and that, whether those goods constituted the property so insured, or not ; and the question, who are to be deemed the parties to that particular contract, is to be determined by the circumstances attending it, and not by those connected with the previous contract for the purchase of that property. There was no representation by any one, when that contract of insurance was made, that Loyal C. Anderson then or ever had any interest in the property insured, and it is found that he had not. It is most difficult to see, on what ground Harvey B. Anderson himself, who made the representations imputed to him by the plaintiffs, would be estopped, even as between him and the plaintiffs, from denying, in this suit, that Loyal C. Anderson was a party to the contract for the insurance of those goods ; but, however that might be, it is quite clear, that neither said Loyal nor Hobart Nickerson, nor any person claiming under them or either of them, is precluded from insisting, according to the truth, that the former had no interest in that property, and therefore was not a party to that contract. Hence it results, that, as that contract was made by the present defendants with the said Harvey and Hobart only, a payment by the former, of the

indebtedness which accrued by virtue of it, to the two latter, or to their assignees, would be a protection against any claim founded on it. In this case it is found, that payment of that indebtedness has been made by the present defendants to such assignees, who are really the parties here contesting the right to it with the plaintiffs; although it is a sufficient answer to the claim of the plaintiffs in this case, that the policy of insurance was not made by the said Loyal jointly with the said Harvey and Hobart.

Thus far we have considered this case, as though all the amendments, made to the writ in the original suit, were allowable.

If, however, the amendment, adding the name of Loyal C. Anderson as a defendant, (to say nothing of the other amendments,) was not allowable, and is, therefore, to be merely disregarded, or treated as if it had not been made, (which is the least effect that can be claimed for it by the plaintiffs,) the objections to a recovery in this action are more numerous, and more palpably insuperable. Indeed, the counsel for the plaintiffs have not claimed before us, that, if that is the light in which the case is to be considered, they are entitled to judgment. Without noticing all those objections, or dwelling upon any of them, it is sufficient to say, that the said Loyal, not being mentioned in that original writ, and therefore not being a party to that suit, would not be affected by the judgment in it, which, as to him, would be a nullity, and therefore furnish no evidence of any indebtedness from him to the plaintiffs; that, as we have before remarked, in considering said amendment, if allowable, not to have been in fact made, there would be nothing in the factorizing clause of that writ, to indicate, that the present defendants are indebted to him, either solely or jointly, with the defendants named in that writ, or either of them, and therefore that no lien on such debt could be created or secured by the plaintiffs, by virtue of that process; and that, moreover, the averment in this writ of *scire facias*,

that it was alleged in that original writ, that the said 'Loyal was, jointly with the other defendants, therein mentioned, indebted to the plaintiffs, would be negatived, by the finding of the court, in this case.

The superior court is, therefore, advised, to render judgment in favor of the defendants.

In this opinion, the other judges concurred.

Judgment for defendants.