HORACE W. STRONG AND OTHERS *vs.* ISAAC C. SMITH AND ANOTHER.

New Haven & Fairfield Cos., April T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

The plaintiffs sold goods to *A* upon the representations of the latter that *B*, his father, was a partner with him, and upon *B's* credit. It was found that *A* carried on the business under the name of *A & Co.*, but that *B* was in fact not a partner. Held that he was not liable, in the absence of proof that he knew of the representations made by *A*.

And it did not affect the case that *A* had made the same representations to others.

And evidence of these representations did not become admissible in rebuttal of evidence offered by *B* as to the manner in which *A's* business was conducted, and that he had nothing to do with it.

[Argued April 19th—decided May 28th, 1892.]

ACTION against the defendants as partners, upon a claim for goods sold the firm; brought to the Superior Court in New Haven County and tried to the court before *Thayer, J.* George W. Smith, one of the defendants, confessed judgment, and the other defendant, Isaac C. Smith, alone made defense. Facts found and judgment rendered for the defendant, and appeal by the plaintiffs. The case is sufficiently stated in the opinion.

*C. S. Hamilton* and *J. H. Webb,* for the appellants.

*W. B. Stoddard* and *S. C. Loomis,* for the appellee.

FENN, J. The record before us presents a single finding in two cases by different plaintiffs against the same defendants, tried together in the court below, and appealed by the plaintiffs to this court. The defendants were George W. Smith, who confessed judgment for the amount of the claims, which were for supplies furnished to him for use in his business of conducting a retail meat market, and his father, Isaac C. Smith, whom the plaintiffs sought to hold liable as a partner in the business. Isaac Smith alone made defense, and will therefore be spoken of herein as the defendant.

The plaintiffs claimed that the defendant and his son were partners in fact, and, if not so, that the defendant had allowed himself knowingly to be held out to the world, and to the plaintiffs, as a partner, and that therefore as to them he was estopped to deny that he was a partner. The court found that the defendant had, in fact, no interest in the business, and that he had no knowledge at any time that his son was claiming or representing that he was a partner, or that the plaintiffs or others believed or understood that he was a

Strong v. Smith.

partner with his son, or interested in the business, and rendered judgment in his favor.

Upon the trial, after the plaintiffs had offered evidence tending, as they claimed, to prove the defendant to be a partner, they offered one of the plaintiffs as a witness, and having shown by him that he had an interview with George W. Smith, prior to the beginning of the accounts in suit, offered to prove by him that at that interview George stated to the witness that the defendant was a member of the firm and was the responsible member of it, and referred the witness to the town records, where the condition of his property could be ascertained. The plaintiffs admitted that the declarations of George were not made in the presence of the defendant, and that they were unable to prove that the defendant ever had any actual knowledge of them. But they claimed that the offered evidence "was admissible as showing that George W. Smith was holding out his father as a partner with him, and that the plaintiffs trusted George W. Smith & Co., believing him to be a member thereof, and that such conduct would be the natural conduct of the son if the father was a partner, and under the circumstances became a natural verbal act done in connection with the business, and also as tending to show, in connection with the other evidence, that such holding out was with the defendant's knowledge and consent." The defendant objected to the admission of the evidence, and it was excluded. The plaintiffs excepted. The plaintiffs stated that "they had other witnesses in court to prove similar declarations of George, made to them under similar circumstances." The record further states as follows: "Upon the defense the defendant testified, and offered as witnesses the clerks who had been employed in the store, and various witnesses who had had business at the market. George W. Smith was in court but was not called as a witness by either party. Among the witnesses thus offered by the defendant were George R. Clark and Charles W. Platt, who were employed as clerks in the market during the whole or larger part of the business, and who testified, in substance, that all the business in

the market was carried on under the orders and directions of George; that the defendant had nothing to do with it; that their wages were fixed, changed and agreed upon in interviews between them and George, and always paid by him, and neither agreed upon nor paid by the defendant; and that the defendant, when in the market on various occasions, never took any part in the business." Other witnesses testified to selling cattle to George and doing work for him, and that the defendant had nothing to do with the various transactions.

In rebuttal the plaintiffs again offered the same witness to prove the declarations of George W. Smith, before excluded, claiming that such declarations had become admissible in contradiction. The defendant again objected and the court excluded the evidence. Such exclusion of testimony, both in chief and in rebuttal, is the only error assigned in the reasons of appeal, and is therefore the only matter which we are called upon to consider.

Was the evidence admissible in chief? We have already stated the grounds upon which the plaintiffs claimed it to be, and we will briefly examine these grounds. The evidence would indeed show that George W. Smith was holding out his father as a partner with him, and might also tend to show that the plaintiffs trusted George W. Smith & Co., believing the defendant to be a member thereof. But since the court has expressly found that the defendant was not a partner, and had no knowledge that he was claimed, represented, believed or understood to be such, its admissibility for this purpose alone could not have availed the plaintiffs anything. Its reception could not have affected the judgment, unless, as the plaintiffs further claimed, it tended " to show in connection with the other evidence that such holding out was with the defendant's knowledge and consent." How could statements of which there was no proof that the defendant ever had any knowledge, tend to show that? Coupled with this, there is a strange claim " that such conduct would be the natural conduct of the son if the father was a partner, and under the circumstances became a natural verbal act

Strong *v*. Smith.

done in connection with the business." In other words, evidence that the son did say this would be admissible because it would be natural that he should say it if it was true, and therefore it is admissible in order to prove that it is true. The probability admits the statement, and the statement when admitted proves the probability. So that what the court has now found untrue, it ought, through the admission and weight of such evidence of statements made by the son, of which the father had no knowledge, to have found true, namely, that the defendant was (not held out to be, but) in fact, a member of the firm. We cannot adopt this reasoning. Neither can we see wherein the court erred in the rejection of this testimony when offered in chief. But if not admissible in chief, how did it become so in rebuttal? The testimony offered in defense fairly met the plaintiff's testimony in chief and was received without objection. It was, in effect, evidence of the manner in which the business was in fact conducted, and that the defendant had in fact nothing to do with it. It went no further on the one hand than the plaintiffs' evidence, also received without objection, went on the other. Nor would it, so far as we can see, in any wise have tended to affect the probability of the statements made by the defendant's witnesses, or the inference claimed to have resulted from this evidence, to have shown that George W. Smith, at various times, to other witnesses, and without the knowledge of the defendant, made the declarations which the plaintiffs offered to prove.

The plaintiffs argued the questions raised by their reasons of appeal as if they were new ones in this jurisdiction, and we have thus far treated them as such. But they can hardly be so regarded. In *Morgan* v. *Farrel*, 58 Conn., 413, this court said, (p. 426,) citing *McBride* v. *Protection Ins. Co.*, 22 Conn., 259, that in order to hold a person as a partner, on the ground of estoppel, "it is not enough to show that he was represented by others to be a partner, or that his name appeared in the firm; it must be shown that he *knew* that he was being held out as a partner, and that he assented thereto, or facts from which assent can be fairly implied."

And in *Butte Hardware Co.* v. *Wallace*, 59 Conn., 336, it would certainly seem as if every one of the questions made in the present case was considered and decided. See pages 339, 342, 345.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.